UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN K. BOWMAN,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>        Respondent. | Case No. 1:20-cv-00577-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Steven K. Bowman has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 1. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**REVIEW OF PETITION**

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2. Discussion**

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of aggravated battery, along with a persistent violator sentencing enhancement. Petitioner received a unified sentence of thirty years in prison with twelve years fixed, to run "consecutive to all other charges," including the federal charges for which Petitioner is currently incarcerated. *See* Dkt. 1 at 1; *see also State v. Bowman*, No. 46332, 2019 WL 8129345, at *1 (Idaho Ct. App. Dec. 4, 2019) (unpublished).

Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Therefore, within 60 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(d). The Clerk of Court will be directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

**REQUEST FOR APPOINTMENT OF COUNSEL**

Because an amended petition is required for Petitioner to proceed, the Court will deny Petitioner's request for appointment of counsel without prejudice. Petitioner may renew the request for counsel in an amended petition.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 6) is GRANTED. Petitioner shall pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Within 60 days after entry of this Order, Petitioner must file an amended petition as described above. The Clerk of Court will provide Petitioner with a form § 2254 petition. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice. Dismissal in this manner would operate as an adjudication on the merits and would prevent Petitioner from re-filing a federal habeas corpus petition challenging the same conviction or sentence.

DATED: May 17, 2021

Honorable Candy W. Dale
United States Magistrate Judge